UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,

-vs-

D-1 Chanise Coyne,

                Defendant.
_____/

No. 26-CR-20082

Hon. David M. Lawson

**STIPULATION FOR PROTECTIVE ORDER REGARDING PRODUCTION OF RECORDS CONTAINING PERSONALLY IDENTIFIABLE AND OTHER SENSITIVE INFORMATION**

Plaintiff, the United States of America, by its attorneys, together with defendant Chanise Coyne, through her attorney, hereby stipulate to the entry of a Protective Order with respect to the production of records containing personally identifiable information [PII] and other sensitive information in this criminal proceeding for the following reasons:

    A.    The government anticipates providing discovery material in this matter containing personal information of defendant and third parties ("Protected Information"), which may include, but is not limited to: social security numbers, birth dates, telephone numbers, addresses, and financial information.

    B.    Due to the volume of discovery material the government intends to produce in this case, individual redaction of Protected Information prior to

production to defendant as discovery would be impractical and time-consuming.

  C. The parties understand, however, that the discovery material should be protected from use and disclosure beyond what is reasonably necessary for the effective defense of this matter.

  D. THEREFORE, the parties stipulate and agree to the following:

    1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

    2. This Protective Order pertains to all discovery material provided to or made available to defense counsel as part of discovery in this matter.

    3. By signing this Stipulation, defense counsel agrees discovery materials and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than the defendant, defendant's counsel, persons employed to assist in the defense, individuals who are interviewed as potential witnesses in the case, or such other persons as to whom the Court may authorize disclosure.

    4. Discovery materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions should be treated in the same manner as the original matter. Discovery materials may be shown to but not given to or remain in the custody of potential

witnesses (except investigators and experts retained on behalf of the defendant).

5. The discovery material is now and will forever remain the property of the United States Government. The discovery material and information therein may only be used in connection with the litigation of this case and for no other purpose. Defense counsel will return electronic discovery material to the government at the conclusion of this case and permanently delete any copies from their computer systems. If any defendant, defense counsel, defense investigator, expert, or support staff has produced or been provided copies of the discovery material, defense counsel shall ensure the copies are destroyed. Within 90 days following the conclusion of the litigation in this matter, to include when any direct appeal has become final, defense counsel shall certify in writing to counsel for the United States that all of the discovery material have been returned, destroyed, and/or shredded.

6. In the event the defense seeks to utilize the discovery material in any court filing, at trial or in another hearing in this matter, all Protected Information must be redacted from the discovery material prior to its use. Furthermore, any court filings shall be filed in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure and the Electronic Filing Policies and procedures of the United States District Court for the Eastern District of Michigan.

7. If defense counsel deems it necessary to use unredacted

Protected Information or material subject to Rule 6(e) of the Federal Rules of Criminal Procedure in any court filing, defense counsel shall first advise and confer with counsel for the government and provide counsel for the government reasonable time to object and/or discuss measures to protect such information.

8. Any person receiving disclosure of the discovery materials shall be subject to the terms of the Protective Order. Defense counsel shall inform the defendant and any other person to whom disclosure is made of the existence and terms of the Protective Order, including by providing such person a copy of the Protective Order and obtaining from such person written acknowledgment of the Protective Order. Defense counsel also shall direct the defendants and any other person to whom disclosure is made not to disclose or use any information contained in the government's discovery in violation of the Protective Order. Any authorized disclosure of discovery material may constitute a violation of the Court's Protective Order.

9. In the event that the defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Protective Order.

IT IS SO STIPULATED.

JEROME F. GORGON JR
United States Attorney

| *s/ Andrew J. Yahkind* | *s/ John D. Dakmak (with consent)* |
|---|---|
| Andrew Yahkind | John D. Dakmak |
| Assistant United States Attorney | Attorney for Chanise Coyne |
| 211 W. Fort Street, Suite 2001 | Clark Hill |
| Detroit, MI 48226 | 500 Woodward Ave., Suite 3500 |
| (313) 226-9565 | Detroit, MI 48226 |
| andrew.yahkind@usdoj.gov | (313) 965-8288 |
| | jdakmak@clarkhill.com |

Dated: March 5, 2026